FELDESMAN LLP
KATHRYN E. DOI (BAR NO. 121979)
KDOI@FELDESMAN.COM
400 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814
(T) (916) 500-0755
(F) (916) 500-0748

FELDESMAN LLP
BRENDAN TYLER*
MINDY B. PAVA*
BTYLER@FELDESMAN.COM
MPAVA@FELDESMAN.COM
1129 20TH STREET NW, SUITE 400
WASHINGTON, DC 20036
(T) (202) 466-8960
(F) (202) 293-8103

*Attorneys for Cares Community Health d/b/a One Community Health*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CARUCCI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARES COMMUNITY HEALTH D/B/A ONE COMMUNITY HEALTH,<br><br>　　　　　Defendant. | Case No. 2:26-cv-01314-DAD<br><br>**DEFENDANT ONE COMMUNITY HEALTH'S NOTICE OF MOTION AND MOTION TO TRANSFER PLAINTIFF'S COMPLAINT TO THE EASTERN DISTRICT OF MISSOURI; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:**　　June 15, 2026<br>**Time**:　　1:30 p.m.<br>**Judge:**　Dale A. Drozd<br>**Courtroom**　4 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 15, 2026, in Courtroom 4, of the above-captioned Court, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, Defendant Cares Community Health d/b/a One Community Health ("OCH") will and hereby does move to transfer Plaintiff's Complaint to the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1404(a).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other written or oral argument as may be properly presented to the Court at or before the hearing.

**Meet and Confer Certification:** the undersigned counsel for OCH hereby certifies that, via Zoom teleconference on May 7, 2026, counsel for OCH conferred on the substance of this motion with Plaintiff's counsel, Jessica Wilkes and Jonathan Herrera, who indicated that Plaintiff does not oppose transfer to the Eastern District of Missouri, Eastern Division.

Respectfully submitted,

*/s/ Brendan M. Tyler*

**FELDESMAN LLP**
Brendan M. Tyler*
Mindy B. Pava*
1129 20th Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 466-8960
Fax:  (202) 293-8103
Email: btyler@feldesman.com
        mpava@feldesman.com
*Admitted *pro hac vice*

One Community Health's Notice of Motion and Motion to Transfer

**FELDESMAN LLP**
Kathryn E. Doi (Bar No. 121979)
400 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone: (916) 500-0755
Fax: (916) 500-0748
kdoi@feldesman.com

*Counsel for Defendant Cares Community
Health d/b/a One Community Health*

ONE COMMUNITY HEALTH'S NOTICE OF MOTION AND MOTION TO TRANSFER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pursuant to 28 U.S.C. § 1404(a), Defendant Cares Community Health d/b/a One Community Health ("OCH") moves to transfer this case to the United States District Court of the Eastern District of Missouri, Eastern Division, where the first-filed action relating to the data incident at issue is pending.

### II.    BACKGROUND

OCH is a healthcare organization—based in Sacramento, California—that provides primary care and other healthcare services to its patients. Compl. ¶ 2. TriZetto Provider Solutions LLC ("TriZetto") is a healthcare information technology services provider based in Missouri. Compl. ¶¶ 5–6 (incorporating HIPAA Journal article[1] that refers to TriZetto as "Missouri-based provider of revenue management services to physicians, hospitals, and health systems, and a claims clearinghouse"). According to the Complaint, OCH hired TriZetto to provide "records management services in relation to OCH's medical services with its patients." *Id.* ¶¶ 4–5. Plaintiff alleges that he is a patient of OCH, that he provided his personal information to OCH, and that a data incident affecting TriZetto's systems that took place on or about October 2, 2025, allegedly resulting in the compromise of his personal information (the "**Incident**"). *Id.* ¶¶ 2, 6–7, 17, 23. Plaintiff asserts various common law claims against OCH, and seeks to certify a nationwide class of individuals affected by the Incident. *Id.* ¶¶ 153–278.

This action is not the first putative class action against OCH relating to the Incident. The first-filed such action, *Corbray v. TriZetto Provider Solutions LLC*, No. 4:26-cv-00013, was filed in the Eastern District of Missouri on January 6, 2026, and named both OCH and TriZetto as defendants. *See* Ex. A (*Corbray* complaint). Other actions in the Eastern District of Missouri, many of which expressly name TriZetto as a defendant, were subsequently consolidated with the first-filed *Corbray* action

[1] https://www.hipaajournal.com/trizetto-provider-solutions-data-breach/.

- 4 -

under the caption *In re TriZetto Provider Solutions Data Breach Security Litigation*, No. 4:25-cv-01861. Like this action, the first-filed *Corbray* action alleges that the plaintiffs provided personal information to OCH, that OCH and TriZetto failed to adequate safeguard the plaintiffs' information, and that the plaintiffs' information was compromised in the Incident.  Both this action and the *Corbray* action also assert various common law claims including negligence, and seek to certify a nationwide class of individuals allegedly affected by the Incident. *See* Ex. A ¶ 2–5, 7, 11–12, 26–34, 118–208.

### III.    <u>ARGUMENT</u>

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of a change of venue under Section 1404 is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted); *accord Brokenbrough v. Davidson Design & Dev., Inc.*, No. 2:25-cv-02523, 2026 U.S. Dist. LEXIS 73863, at *2 (E.D. Cal. Apr. 2, 2026). In particular, "the well-established 'first to file rule' allows a district court to transfer . . . an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991); *Bozic v. United States Dist. Ct.*, 888 F.3d 1048, 1055 (9th Cir. 2018). When applying the first-to-file rule, "courts should be driven to maximize 'economy, consistency, and comity.'" *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)).

To determine whether the first-filed rule applies, the court considers the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn*, 787 F.3d at 1240. This first-filed rule requires "only substantial similarity of

One Community Health's Notice of Motion and Motion to Transfer

parties," not identity. *Id.* For that reason, the Ninth Circuit in *Kohn* found that the first-to-file rule applies even if one of the defendants named in the first-filed action is not named in a later-filed action. *Id.* ("A contrary holding could allow a party . . . to skirt the first-to-file rule merely by omitting one party from a second lawsuit."). To assess the similarity of parties in a class action, courts in Ninth Circuit compare the putative classes rather than the named plaintiffs. *Trouville v. Reprosource Fertility Diagnostics, Inc.*, No. 1:23-cv-00080, 2024 U.S. Dist. LEXIS 48476, at *6 (E.D. Cal. Mar. 19, 2024) (listing cases).

Given these well-established principles, the first-filed rule applies here. The *Corbray* action was filed on January 6, 2026, while this action was filed on January 15, 2026. Both actions involve a common defendant, OCH; the same proposed putative classes, *compare* Compl. ¶ 154, *with* Ex. A ¶ 118; and the same alleged Incident. While this case does not currently include TriZetto as a named defendant and *Corbray* does, that distinction poses no barrier to transfer and consolidation. Indeed, the Complaint directly places TriZetto's actions and omissions at issue, and Plaintiff will likely not be able to prove the Complaint's allegations without eventually seeking discovery from TriZetto. *See* Compl. ¶¶ 29, 33 (alleging that TriZetto could have prevented the Incident "by properly securing and encrypting Plaintiff's and Class Members' Private Information"); ¶ 108 (referring to "Defendant TriZetto"); ¶¶ 3, 5–7, 16, 22, 26, 43–44, 111, 114–19, 121–24, 149 (presenting allegations against TriZetto).[2] Litigating in a single forum will be more cost effective and will foster judicial economy by permitting a single resolution to all related claims.

Although transfer under the first-filed rule is discretionary, it "should not be disregarded lightly." *Alltrade*, 946 F.2d at 625; *Kohn*, 787 F.3d at 1239. Once the Court determines that the requirements are satisfied, it should apply the first-filed

---

[2] Further demonstrating TriZetto's centrality to Plaintiff's claims, the term "TriZetto" appears in the Complaint 160 times.

ONE COMMUNITY HEALTH'S NOTICE OF MOTION AND MOTION TO TRANSFER

rule unless circumstances warrant an equitable exception. *Alltrade*, 946 F.2d at 628. The Ninth Circuit has identified only three grounds for such an exception: "bad faith, anticipatory suit, and forum shopping." *Id.*; *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 830–31 (E.D. Cal. 2025). Since each of these exceptions looks at the motives of "the party who filed the first-filed action," they cannot apply here, where OCH is defendant in both actions, not defendant in one and plaintiff in another. *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 708 (N.D. Cal. 2021). Put simply, these exceptions do not take into account "the conduct of the defendant moving for a transfer of venue." *Trouville*, 2024 U.S. Dist. LEXIS 48476, at *14 (citing *Young*, 526 F. Supp. 3d at 708).

It is also noted that counsel for OCH conferred on the substance of this motion with Plaintiff's counsel, Jessica Wilkes and Jonathan Herrera, who indicated that Plaintiff does not oppose transfer to the Eastern District of Missouri, Eastern Division.

## IV.    CONCLUSION

For the foregoing reasons, OCH requests that the Court exercise its discretion to transfer this action to the Eastern District of Missouri, Eastern Division, where the first-filed *Corbray* action is pending and has been consolidated into the *In re TriZetto Provider Solutions Data Breach Security Litigation* action.

Respectfully submitted,

Dated: May 7, 2026                    /s/ Brendan M. Tyler

**FELDESMAN LLP**
Brendan M. Tyler*
Mindy B. Pava*
1129 20th Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 466-8960
Fax:  (202) 293-8103
Email: btyler@feldesman.com
            mpava@feldesman.com

*Admitted *pro hac vice*

**FELDESMAN LLP**
Kathryn E. Doi (Bar No. 121979)
400 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone: (916) 500-0755
Fax: (916) 500-0748
kdoi@feldesman.com

*Counsel for Defendant Cares Community Health d/b/a One Community Health*

ONE COMMUNITY HEALTH'S NOTICE OF MOTION AND MOTION TO TRANSFER